IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:11cr36 |
| ) | |
| SAMUEL LLOYD, ) | |
| ) | |
| DAVID A. WHEELER, ) | |
| ) | |
| and ) | |
| ) | |
| EARL R. FULLER, JR., ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS
### FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL

Comes now the United States of America, by Laura M. Everhart, Assistant United States Attorney, and in response to the defendants' motions for judgment of acquittal and for new trials submits that said motions should be denied for the following reasons:

Federal Rule of Criminal Procedure 29 permits the district court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Fourth Circuit Court of Appeals has determined that, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In making this determination, "the jury verdict must be upheld if there exists substantial evidence, including circumstantial and direct evidence, to support the verdict, viewing the evidence in the light most favorable to the government." *United States v. Stewart*, 256 F.3d 231, 249 (4th Cir. 2001), *cert. denied*, 534 U.S. 1049 (2001). Moreover, the jury is responsible for weighing the credibility of the evidence, resolving any apparent conflicts and, if the evidence supports different interpretations, deciding

which one to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Furthermore, the court "cannot make [its] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

Indeed, the Fourth Circuit has found the uncorroborated testimony of a single witness, even where the witness was an informant or accomplice, to be sufficient. *See, e.g., United States v. Wilson*, 115 F.3d 1185, 1189-90 (4th Cir. 1997); *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984); *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983). Finally, in conducting its review, a court does not assess the credibility of witnesses, weigh the evidence, or resolve any conflicts in the evidence presented; these are inquiries properly reserved for the jury. *See Burks v. United States*, 437 U.S. 1, 16 (1978); *United States v. Uzenski*, 434 F.3d 690, 700 (4th Cir. 2006); *United States v. Alerre*, 430 F.3d 681, 693 (4th Cir. 2005); *United States v. Lentz*, 383 F.3d 191, 199 (4th Cir. 2004); *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

The defendants attempt to support their motions by attacking the credibility of the government's witnesses, calling their testimony "unreliable" (Lloyd), "conflicting" (Wheeler), and "vague and inconsistent" (Fuller). Through vigorous cross examination at trial, counsel attempted to paint these witnesses as liars motivated by self-interest. The jury was not persuaded, despite these earnest efforts. The law does not permit the jury's determination on these issues to be supplanted after they have returned their verdicts.

Lloyd also argues that the conspiracy to distribute cocaine was unrelated to the conspiracy to distribute marijuana. He maintains that there was little evidence presented to link Lloyd to the cocaine. However, there was overwhelming evidence linking him to the "stash house" on Barkleaf Drive. According to Black, Hinton and Todd, that location was used to store

and package both marijuana and cocaine and to collect and count drug proceeds. Lloyd and Wheeler stayed at the house when they were in town, which usually coincided with shipments of drugs arriving in Norfolk. Lloyd and Wheeler were frequently observed at Barkleaf during surveillance.

All three Ford F150s were often seen at Barkleaf, and they were used to transport both cocaine and marijuana, as well as money. When Wheeler brought the 7 kilograms of cocaine from the Washington, D.C. area, he brought it to Barkleaf.

Lloyd also gives short shrift to the trips that Black and Woods made to get multi-kilogram quantities of cocaine from Lloyd in Atlanta. The fact that these trips occurred just outside of the statute of limitations is of no consequence. They were all part of the continuing scheme that continued into 2011.

Lloyd also ignores the testimony of Black and several other witnesses that the unsuccessful plan to transport drugs from Texas to the Eastern District of Virginia in June 2008 involved both cocaine and 1,500 pounds of marijuana. Similarly, he fails to note that when Lloyd met Heyward in 2007, Lloyd told Heyward that he was seeking transport for both drugs. The jury, however, had no difficulty recalling this testimony.

Wheeler sees conspiracies behind every tree. To begin with, the fact that a witness such as Hawkins was involved in more than one conspiracy does not absolve the defendant of his responsibility for his participation in the conspiracy with which he was charged and convicted. Hawkins' services were "for hire," and he did use his access to commercial vehicles for the benefit of other criminals. But, as Hawkins, Black, Napier, Nunn, and Scott testified, it was Hawkins who transported the 1,700 pounds of marijuana from Texas to Norfolk at the request of Lloyd and Daugherty, and it was Wheeler who helped to offload and distribute it.

Wheeler also claims that there was a separate "Woods conspiracy," but Woods was involved, briefly, with Lloyd and Black in the charged conspiracy. Whether Woods later went on to other things is irrelevant.

Wheeler further identifies a "Gonzalez conspiracy." If that name was even mentioned during this trial, it was in passing on cross examination.

Last, Wheeler argues that the activities of his coconspirator, Lloyd, in Atlanta and Arizona were not part of this conspiracy, even though they occurred during the conspiracy and involved the transportation of drugs from Texas and Arizona to the Eastern District of Virginia as well as Maryland and the Washington, D.C. area via tractor-trailer. This is precisely what this conspiracy involved.

Fuller's argument is based almost completely on an attack on the credibility of the witnesses, which the jury resolved in the government's favour. He also suggests that since he was "merely" a local distributor for the organization, he is somehow not culpable for his participation in the conspiracy. However, even participation on one occasion is sufficient to sustain a conspiracy conviction, as the jury was instructed. Fuller's involvement was more than sufficient to support the verdicts.

All three defendants use the same arguments to support their motions for a new trial, and their claims are similarly meritless. Federal Rule of Criminal Procedure 33 permits the district court to "grant a new trial if the interest of justice so requires." However, the Fourth Circuit Court of Appeals has cautioned that a court "should exercise its discretion to grant a new trial sparingly and that it should do so only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003), *cert. denied*, 540 U.S. 1185 (2004) (internal quotations and citations omitted).

Fuller advances one additional argument: that his motions for a mistrial on the basis of Cowan's aborted reference to "lockup" and of Agent Jones' characterization of a residence as Fuller's home.

In *Oregon v. Kennedy*, 456 U.S. 667, 674-75, 102 S. Ct. 2083, 72 L. Ed 2d 416 (1982), the United States Supreme Court noted that it is ". . . a rare trial of any complexity in which some proffered evidence by the prosecutor or by the defendant's attorney will not be found objectionable by the trial court. Most such objections are undoubtedly curable by simply refusing to allow the proffered evidence to be admitted . . ." A misstep by the prosecutor need not result in a mistrial unless it was specifically designed to invite one. *Id*. at 676. The same reasoning applies to action by the trial judge to correct other errors which occur in every trial. *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986). (". . . the Constitution entitles the defendant to a fair trial, not a perfect one.")

When, as in this case, the weight of the evidence against an accused is overwhelming, an improper question (or answer) when placed in the overall context of a trial, does not result in prejudice to a degree which requires a mistrial. *United States v. Monteer*, 512 F.2d 1047, 1051 (8th Cir. 1975), *cert. denied*, 423 U.S. 855 (1975). (Motion for mistrial properly denied where prosecutor asked question which intimated that defendant had criminal record.) In *United States v. Davis,* 657 F.2d 637 (4th Cir. 1981), the Fourth Circuit noted that, "In considering the harmlessness of the error, it is proper to consider other evidence of the defendant's guilt." *Id*. at 640.

In *United States* v. Lay, 644 F.2d 1087, 1091 (5th Cir. 1981), *cert. denied*, 454 U.S. 869 (1981), the prosecutor improperly questioned a defendant about a prior criminal charge which did not result in a final conviction. The court held that, "in light of the overwhelming evidence against the defendant . . . we hold that the prosecutor's brief and inadvertent misstatement was

5

harmless beyond a reasonable doubt." *Id*. at 1091. The court also noted that if any harm had been done by mentioning the prior charge, it could have been corrected by an instruction to the jury. In *Lay*, however, the defendant's attorney refused the court's offer to make any corrective instructions suitable to the defendant. The court noted that, "since any slight prejudice could have been cured by the very jury instruction the defendant requested not be made, we cannot now allow such clearly harmless prejudice to be grounds for a reversal." *Id*. at 1091-92.

In this case, the testimony was fleeting and given in a context which did not place undue emphasis on the testimony. There is no allegation that it was intentionally elicited. The Court employed swift and specific corrective measures. The jury was told to disregard the questions and answers and there is nothing to suggest that they did otherwise.

For the reasons stated above, the defendants' motions should be denied.

                      Respectfully submitted,

                      NEIL H. MACBRIDE
                      UNITED STATES ATTORNEY

By:     /s/
        Laura M. Everhart
        Assistant United States Attorney
        Virginia Bar No. 22327
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office Number - 757-441-6331
        Facsimile Number - 757-441-6689
        E-Mail Address - laura.everhart@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Granville Watson, IV, Esq.
Paul G Watson IV PC
P.O. Box 600
5224 Willow Oak Rd
Eastville, VA 23347
Phone: (757) 678-0044
Fax: (757) 678-9031
Email: pwatson@pwatsonlaw.com

Jason Alan Dunn
Ryan Jones & Associates, PLC
325 B Volvo Pkwy, Suite 2
Chesapeake, VA 23320
Phone: (757) 410-3442
Fax: (757) 410-8695
Email: jdunn@ryanjoneslaw.com

Catherine MacLean Six
Law Office of Catherine MacLean Six, P. C.
One Columbus Center, Suite 665
Virginia Beach, VA 23462
Phone: (757) 490-7837
Fax: (757) 390-3349
Email: clmaclean@cox.net

/s/
Laura M. Everhart
Assistant United States Attorney
Virginia Bar No. 22327
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - laura.everhart@usdoj.gov