**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

Norfolk Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 2:11cr36 |
| ) | |
| **SAMUEL LLOYD,** ) | |
| ) | |
| **Defendant.** ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

Comes now the United States of America, by Laura M. Everhart, Assistant United States Attorney, and states its position with respect to sentencing factors. The United States has the following objections to the sentencing guidelines calculations. Page references are to the trial transcripts. Many of these objections are based on the definition of relevant conduct in §1B1.3(a)(1) which states that relevant conduct shall be determined on the basis of:

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity

The defendant does not have to be personally involved in an event for it to be reasonably foreseeable to him. It is the United States' position that all events occurring during the defendant's participation in this conspiracy were reasonably foreseeable to him. This is particularly true of anything occurring at the Barkleaf stash house (hereinafter "Barkleaf"). The witnesses in this case testified that when a drug shipment arrived, it came through Lloyd or Wheeler (T. 776, 782). Clive Black collected drug proceeds and delivered them to Wheeler, Lloyd or Napier at Barkleaf (T. 550-559, 576, 780, 1058, 277).

1. Between the Summer of 2008 and May 2010, Simuel Hinton was receiving 5-7 kilograms of cocaine a week from Wheeler, Lloyd and the other coconspirators selling from Barkleaf (T. 781 and 782) (44 weeks x 5 kilograms = 220 kilograms of cocaine).

2. On November 13, 2008, Patricia Lanza was stopped in Lexington, N.C. while driving the red Ford F150 with MA plates. $264,070.00 was found in the secret compartment (T. 634-640). This event was discussed among the conspirators (T. 300). This was the same truck that was used in the delivery of 7 kilograms of cocaine to Wheeler and Black by Daugherty at the Food Lion shopping center on October 29, 2008, and which was often seen at Barkleaf (T. 290-296, 1059-1062; Exhibits 17A-17D, 18A, 18E-18H, 20A-G). (Minimum of 12 kilograms of cocaine).

3. In February 2009, possession with intent to distribute 7 kilograms of cocaine brought to Barkleaf by Wheeler. Lloyd was aware of this shipment and he and Black discussed the low quality of cocaine on May 21, 2009. (T. 302-304, 333-336).

4. After November 2008, Andre Todd, who was living at Barkleaf, observed thousands of pounds of marijuana and 9-10 kilograms of cocaine being stored at Barkleaf. (T. 548-553, 559).

5. On June 4, 2009, Lloyd was stopped in the Phoenix airport. Over $1000,000 was found in the lining of his suitcase. Lloyd had no plausible explanation for this. He later told Black that the money had come from the Baltimore coconspirators. (T. 684-698, 345-346). (100 lbs. of marijuana).

6. Paragraph 20 should reflect 30 kilograms of cocaine, not 20. (T. 265, 433-434).

In response to Lloyd's other objections, the United States directs attention to the following testimony:

1. Paragraph 21 – Black did, in fact, testify as to these facts. (T. 266).

2. Paragraph 24 – Black and Scott did, in fact, testify to these facts. (T. 456-457).

3. Paragraph 27 – At trial, Black did not testify about any specific quantity of cocaine, though he had provided the 400 kilogram amount in his debriefings.

4. Paragraph 28 – There was trial testimony about this fact. (T. 945).

5. Paragraph 30 – There was no trial testimony about his, but it was mentioned during the debriefing of the witness.

6. Paragraph 37 - On April 27, 2009, Angela Thomas was the subject of a traffic stop in North Carolina. Thirty lbs. of marijuana were discovered in her suitcases. (T. 665-669). Among the addresses in the GPS unit in the car was 4032 Barkleaf Dr., Virginia Beach, VA. (T. 678).

7. Paragraph 38 – While Lloyd may not have been privy to this conversation, he was present, and the whole incident was discussed by Black and Lloyd before and afterward, as reflected in their recorded telephone conversations.

8. Paragraphs 39, 40 and 46 – There was extensive trial testimony about this incident. (T. 1014 – 1050).

9. Paragraphs 42 and 43 – There was extensive trial testimony regarding these negotiations. (T. 702-708, 756-757, 765).

10. Paragraph 46 – Lloyd was properly given a firearm enhancement. (T. 226, 1015-1050).

It should be noted that, were Lloyd sentenced using the current guidelines, he would have a substantial increase in his offense level:

The defendant would receive a two level increase in his offense level pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining premises, namely Barkleaf, for the purpose of distributing drugs.

The defendant would receive a two level increase pursuant to U.S.S.G. § 2D1.1(b)(15)(E) due to his aggravating role and because the offenses were part of a pattern of criminal conduct engaged in as a livelihood.

The defendant would also receive a two level increase for making credible threats to use violence when he and his accomplices came to Virginia with guns to exact revenge on Mario Woods (T. 226) and when they did the same in July 2009.  (T. 1015-1050).

        Respectfully submitted,

        NEIL H. MACBRIDE
        UNITED STATES ATTORNEY

By:     /s/
        Laura M. Everhart
        Assistant United States Attorney
        Virginia Bar No. 22327
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office Number - 757-441-6331
        Facsimile Number - 757-441-6689
        E-Mail Address - laura.everhart@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of January, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Granville Watson, IV, Esq.
Paul G Watson IV PC
PO Box 600
5224 Willow Oak Rd
Eastville, VA 23347
Phone: (757) 678-0044
Fax: (757) 678-9031
Email: pwatson@pwatsonlaw.com

I certify that on this 23rd day of January, 2012, I caused a true and correct copy of the foregoing to be mailed to the following:

Mercedes Sullivan
U.S. Probation Office
600 Granby Street, Suite 200
Norfolk, VA 23510

/s/
Laura M. Everhart
Assistant United States Attorney
Virginia Bar No. 22327
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - laura.everhart@usdoj.gov