IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

      v.                                                                                           Criminal No. 2:11cr36

SAMUEL LLOYD, et al.,

      Defendants.

<u>Defendant Samuel Lloyd's Position
with Respect to Objections and Sentencing Factors</u>

<u>I.  Position with Respect to Defendant's Objections</u>

      Defendant's counsel has consulted with the Assistant United States Attorney and the Senior United States Probation Officer, and several objections have not been resolved.

      Defendant Samuel Lloyd objected to being attributed with 20 kilograms of cocaine in paragraph 20.  Clive Black testified at trial that on the first trip to Atlanta Mario Woods purchased three kilograms and that on two subsequent trips Woods went the "same way."  (Trial Tr. at 265-66.)  Woods testified that there were just two trips to Atlanta to see Defendant, not three, and Woods testified that he purchased ten and twenty kilograms of cocaine from Defendant during these two trips.  (Trial Tr. at 433-436.)  Defendant contends that he should be not be attributed with any drugs based on this inconsistent testimony.

      Defendant objected to paragraph 21 because Black did not testify that Defendant traveled to Virginia in 2005 to collect money from Woods.  Black testified that Blacks (a man with a similar name) and another man did visit Black.  (Trial Tr. at 266.)  Defendant's name is only used as part of a question in this exchange.  *Id.*  Since Black

did not clearly state that Defendant came to Virginia, these facts are not sufficiently established.

Defendant objected to paragraph 24 as the attribution of twenty pounds of marijuana to Defendant. Black did not testify as to this incident. Lewis Scott did testify that Black brought about twenty pounds of marijuana to Scott's garage, but the Defendant took it away. (Trial Tr. at 456.) Defendant contends that he should be not be attributed with any drugs based on this inconsistent testimony.

Defendant objected to paragraph 27 as to the attribution of 400 kilograms of cocaine to Defendant. The United States has conceded that Black did not testify as to any specific quantity. Black did state, "I didn't know for sure about no cocaine discussion" and "I don't know what the cocaine discussion was." (Trial Tr. at 271.) Further, there is no proof that Defendant had the means to complete this transaction. Defendant contends that none of this cocaine should be attributed to Defendant as there was no testimony as to any amount. The jury verdict form contained no amount for this same reason.

Defendant objected to paragraph 28 as to the assertion that Defendant paid for Trenton Hawkins' expenses for a trip to deliver drugs. Hawkins testified that Black gave him money for these expenses by using the pronoun "they" after specifically mentioning Black. (Trial Tr. at 944-45.). Further, Hawkins testified that Hawkins discussed these amounts with Defendant, but not that Defendant actually paid him. *Id.*

Defendant objected to paragraph 30 as to the attribution of eight ounces of marijuana to Defendant. The United States has conceded that Bruce Heyward did not testify to this assertion at trial.

Defendant objected to paragraph 37 as to the attribution of thirty pounds of

marijuana to Defendant.  Defendant withdraws this objection.

Defendant objected to paragraph 38 as to his involvement in the negotiations with Andre Todd.  Defendant withdraws this objection.

Defendant objected to paragraphs 39, 40 and 46 with regard to the assertion that he possessed a firearm.  Of course, the jury found Defendant not guilty of possession of a firearm in the commission of a drug trafficking offense.  The only person who placed a weapon in Defendant's hand was Black.  (Trial Tr. at 1031.)  In finding the Defendant not guilty of the weapons charge, the jury rejected Black's testimony, the only testimony putting a weapon in Defendant's hands.

Defendant objects to paragraphs 42 and 43 as to the attribution of 4000 pounds of marijuana and 1000 pounds of marijuana to him.  The only evidence presented was that of conversations and there is no evidence that he was able to complete these transactions.

Defendant objects to paragraphs 112, 113 and 115 contained in the "New Information" section of the Presentence Investigation Report.  Defendant contends that there was no testimony at trial that he distributed the amounts of cocaine set forth in paragraphs 112 and 113.  Further, Defendant objects to the summation of the drug quantity attributed to him in paragraph 115 based on the objections herein.

Defendant has also objected to the offense level on Worksheet A of the Presentence Report based on all of the other objections relating to the attribution of drugs to him and enhancements.

II.  Position with Respect to the United States' Objections

The United States is seeking three separate enhancements as follows: a two level increase in the offense level for maintaining premises for the distribution of drugs

3

pursuant to U.S.S.G. § 2D1.1(b)(12), a two level increase for his aggravating role and because of the pattern of criminal conduct engaged in as a livelihood pursuant to U.S.S.G. § 4B1.3, and a two level increase for making a credible threat of violence pursuant to U.S.S.G. § 2D1.1(b)(2).  Defendant has addressed the credible threats of violence above in addressing paragraphs 21, 39, 40 and 46.

With regard to maintaining premises for the distribution of drugs, the United States Sentencing Guidelines commentary provides that the Court should consider "whether the defendant held a possessory interest (e.g., owned or rented) the premises" and "the extent to which the defendant controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1 Comment (n. 28).  There is no evidence that Defendant either had a possessory interest in the house or that Defendant controlled the premises.

With regard to the pattern of criminal conduct engaged in as a livelihood, the United States Sentencing Guidelines commentary provides that this section shall apply if Defendant derived more than 2000 times the minimum wage during a twelve month period and the criminal conduct was Defendant's primary occupation during this period. U.S.S.G. § 4B1.3 comment.  There is no evidence as to what benefit Defendant derived from the drug transactions.

III.  Position with Respect to Sentencing Factors

In the case of *Booker v. United States*, 530 U.S. 466 (2000), the United States Supreme Court rendered the federal sentencing guidelines advisory and held that the sentencing guidelines must be considered with other factors pursuant to 18 U.S.C. § 3553(a).  Section 3553(a) provides that the Court impose a sentence that is sufficient, but not greater than necessary, to comply with the following purposes:

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Further, 18 U.S.C. § 3582 provides that "imprisonment is not an appropriate means of promoting correction and rehabilitation." "[S]entencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without." *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). The sentencing guidelines are only "the starting point and initial benchmark", and the sentencing court should then determine the appropriate sentence considering the four purposes of sentencing and the seven factors for achieving these purposes. *Id.* at 381.

  Since there are numerous unresolved objections, the sentencing guidelines will not be known until the Court has ruled on these objections. It does appear that the guidelines will be lengthy even if Defendant prevails on most of his objections. Defendant requests that the Court consider his age, his health and his lack of criminal history in his sentencing.

IV. Conclusion

  WHEREFORE, Defendant requests that the Court uphold his objections to the Presentence Investigation Report.

SAMUEL LLOYD

         /s/
    _____

Paul G. Watson IV
VSB # 38605
Counsel for Samuel Lloyd
Paul G. Watson IV, PC
P.O. Box 600
Eastville, Virginia 23347
Phone  757-678-0044
Facsimile 757-678-9031
pgwatson4@gmail.com

### Certificate of Service

 I hereby certify that on the 23rd day of January 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

  Laura M. Everhart
  Assistant United States Attorney
  101 West Main Street, Suite 800
  Norfolk, Virginia 23510

  Jason A. Dunn, Counsel for David A. Wheeler
  Ryan Jones & Associates, PLC
  325B Volvo Parkway, Suite 2
  Chesapeake, Virginia 23320

  Catherine M. Six, Counsel for Earl R. Fuller, Jr.
  Bennett & Zydron, PC
  120 South Lynnhaven Parkway, Suite 100
  Virginia Beach, Virginia 23452

           /s/
     _____
     Paul G. Watson IV
     VSB # 38605
     Counsel for Samuel Lloyd
     Paul G. Watson IV, PC
     P.O. Box 600
     Eastville, Virginia 23347
     Phone  757-678-0044
     Facsimile 757-678-9031
     pgwatson4@gmail.com