UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SAMUEL LLOYD,

    Petitioner,

v.                                            Civil No. 2:16cv244
                                                  Criminal No. 2:11cr36

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Samuel Lloyd's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 362.[1] Petitioner's § 2255 motion advances a single claim, arguing that this Court unlawfully enhanced Petitioner's sentence based on facts not found by the jury. In response, the Government argues that Petitioner's motion is both untimely and without merit. The Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to relief. See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a). For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED** as untimely, and is alternatively **DENIED** on the merits.

---

[1] Petitioner's § 2255 motion and memorandum in support were both docketed as ECF No. 362. For ease of reference, the Court will use the pagination as stated on the header created by the Court's electronic filing system, and will cite to such consolidated filing as: § 2255 Mot. at ___.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2011, at the conclusion of a jury trial, Petitioner was convicted of multiple offenses, including: Count One - Conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. ECF No. 167. Pursuant to federal statute, Count One carries a mandatory minimum sentence of ten years imprisonment, and a maximum sentence of life imprisonment. 18 U.S.C. § § 841(b)(1)(A). On January 30, 2012, Petitioner was sentenced to a term of 360 months imprisonment.[2] ECF No. 253. Petitioner filed a timely appeal, ECF No. 255, and on December 7, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the convictions of Petitioner and the two co-defendants who were jointly tried with him, United States v. Fuller, 498 Fed. App'x. 330 (4th Cir. 2012). On March 7, 2013, Petitioner filed a petition for writ of certiorari, and on June 24, 2013, the United States Supreme Court denied such petition. Lloyd v. United States, 133 S. Ct. 2870 (2013).

On May 23, 2016, Petitioner filed the instant § 2255 motion. Petitioner's motion alleges that this Court improperly enhanced Petitioner's advisory Guideline range, and his sentence, based on facts not found by the jury. ECF No. 362.

---

[2] Petitioner's sentence was recently reduced pursuant to a retroactive amendment to the federal sentencing Guidelines. ECF No. 376; see 18 U.S.C. § 3582(c).

2

The Government has filed a response in opposition, ECF No. 366, and although Petitioner was afforded the opportunity to reply, he did not file a reply brief. As the deadline for filing a reply has long since passed, this matter is ripe for review.

## II. STANDARD OF REVIEW

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that

the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitations period begins running on the latest of four dates: the "date on which the judgment of conviction becomes final," the date on which certain government-created impediments to filing are removed, the date on which a new right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or the date on which previously undiscoverable facts supporting the claim could be discovered. Id.

## III. DISCUSSION

Petitioner argues that his sentence of 360 months imprisonment is "constitutionally illegal" because this Court increased his advisory Guideline range and his sentence based on hearsay evidence, facts not found by a jury, and/or facts associated with acquitted conduct. § 2255 Mot. at 4, 15-17. In response, the Government asserts that the statute of limitations bars Petitioner's § 2255 motion and that Petitioner's claim for relief is without substantive merit.

## A. Timeliness

Petitioner asserts that his motion is timely because, according to Petitioner's interpretation of § 2255, he can challenge his sentence at any time because his sentence is "constitutionally illegal." § 2255 Mot. at 10. Petitioner fails, however, to cite to any case law or statute that would excuse his compliance with the limitations period set forth in § 2255(f). As argued by the Government, Petitioner had one year to file a timely § 2255 motion from the latest of four potential dates. Because petitioner makes no mention of any government-created impediments to filing a § 2255 motion, nor does his theory of relief rely on any newly decided case law or any facts that could not previously have been discovered with due diligence, the one-year limitation period began to run on "the date on which the judgment of conviction bec[a]me[] final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment became "final" on June 24, 2013, the date the United States Supreme Court denied his petition for certiorari. See United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001) (holding that a conviction becomes final for § 2255 purposes "when the Supreme Court denies certiorari after a prisoner's direct appeal"). Thus, Petitioner had until June 24, 2014, to file a timely § 2255 motion. Because Petitioner did not file the instant motion until May 23,

2016, nearly two years after the expiration of the limitations period, his motion is **DISMISSED** as untimely.[3]

## B. Alternative Merits Analysis

Pursuant to the verdict returned by the jury, Petitioner faced a statutory punishment of not less than ten years imprisonment, and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(A). In determining where to sentence Petitioner within such statutory range, the Court was guided by the *advisory* sentencing Guidelines, which were calculated in this case based on the case-specific facts proven by the Government by a preponderance of the evidence. See *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009) (explaining that a district court may consider uncharged conduct, and even acquitted conduct, when determining a sentence, "as long as that conduct is proven by a preponderance of the evidence" (citing *United States v. Watts*, 519 U.S. 148, 152 (1997), and *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994))). Petitioner's § 2225 motion argues that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct.

---

[3] Petitioner has not asserted that equitable tolling applies, nor does he advance any evidence or argument suggesting the existence of "extraordinary circumstances" that were "beyond [Petitioner's] control" and "prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). The instant case is therefore not one of those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against [Petitioner]." *Id.* (quoting *Rouse*, 339 F.3d at 246).

6

2151 (2013), barred this Court from engaging in judicial factfinding at sentencing if such factfinding increased the advisory Guideline range. However, the holdings in Apprendi and Alleyne are limited to addressing judicial factfinding that increases the statutory maximum, or statutory mandatory minimum, that is applicable to a count of conviction. These cases do not prohibit the well-established practice of judicial factfinding to determine the advisory Guideline range, or the ultimate sentence, as long as such sentence falls within the statutory range established by the jury's verdict. See United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir. 2014) (explaining that "Alleyne has no application to [the] Appellants' sentences" because "[t]he district court's drug quantity determinations at sentencing did not increase Appellants' statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges"); see Alleyne, 133 S. Ct. at 2163 ("In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

Here, because Petitioner was sentenced to a term of imprisonment within the statutory "10 years to life" range established by the jury's verdict, Petitioner fails to demonstrate that judicial factfinding resulted in an unconstitutional sentence. Accordingly, the Court alternatively finds that, even if Petitioner's § 2255 motion was timely filed, such motion would be **DENIED** on the merits.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is **DISMISSED** as untimely, and is alternatively **DENIED** on the merits. Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty (60) days from**

the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 31, 2017