The United States District Court
For the District of Eastern District of Virginia
Norfolk Division

United States of America )
~~Plaintiff~~ )
)
Vs )  Cr. No. 2:11CV36.
)
)
Samuel Lloyd )
Defendant )

---

Motion For Appointment of Counsel & Request For Compassionate Release or Alternatively Reduction of Sentence Pursuant to FSA Section 603, and 18 U.S.C § 3582 (c)(1)(A): Amended By The FSA Pub. L. No. 115-391, 132 Stat. 5194 (2018) ~~Based~~ Upon Extraordinary and Compelling Reasons / Circumstances, And Also Upon The Lapse of 30 Days From The Receipt of ~~Defendant's~~ Request to Bring His Motion By The Warden of Defendant's Facility

---

Comes Now, The Defendant (Samuel George Lloyd), and respectfully moves this Honorable Court to enter an appropriate order granting his motion for Appointment of Counsel for representation on his motion for Compassionate Release or Alternatively Reduction of Sentence Pursuant to 18 U.S.C § 3582 (c)(1)(A) as Amended by the F.S.A.

Pub. L. No. 115-391, 132 STAT. 5194 2018. Which now "Allow" a federal prisoner to file a motion for Compassionate Release or alternatively Reduction of Sentence after exhausting all administrative appeals of a refusal by the BOP to bring such a motion on the prisoner's behalf." or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 USC § 3582(c)(1).

After starting the administrative appeal on April 16, 2020 Counselor (P. Moore) Lloyd received a BP-9 requesting "Compassionate Release/Reduction in Sentence." On April 20, 2020, Lloyd returned his BP-9 Form to his Counselor (P. Moore). See Exhibit

After considering the factors set forth in Section 3553(a) to the extent that they are applicable, Policy Statement Issued by the Sentencing Commission 18. USC. § 3582(c)(1)(A).

The defendant request, that his sentence be reduced to time served as to Count One or alternatively reduced to at least 10 years the statutory minimum for the Covered offense of Conviction (if any) as found by the Jury Verdict alone.

A reduction of the defendant's sentence on Count One would be consistent with the Commission's statutory role (28 USC. § 994(A)(2)(c) in light of the factual background of the defendant's case.

The BOP has determined that defendant's only Public Safety Factor is his length of Sentence.

## II. FACTUAL BACKGROUND

On June 2011 the defendant was indicted in a second superseding indictment on four counts of a six count indictment. Count (1) charged a conspiracy to knowingly possess with intent to distribute marijuana, cocaine, and cocaine base (commonly called crack cocaine), Schedule II and I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1), all in violation of § 846. On September 14 2011 a jury returned a general verdict of guilty as to the defendant on Counts 1, 5, 6, and 26 with the intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana and possession with the intent to distribute. The jury found the defendant's Not guilty on 924(c) possession of a firearm in furtherance of a drug activities and possession with intention to distribute 400 kilograms of cocaine.

On January 30 2012 defendant was sentenced by the judge found by a preponderance of the evidence that the defendant's was responsible for 12,453.3708 kilograms of marijuana and two level increase for possession of a firearm and three level increase for his role in the conspiracy with a criminal history category was I

## III. EXTRAORDINARY AND COMPELLING REASON FOR A SENTENCE REDUCTION

1. The First Step Act's elimination of life imprisonment as a mandatory sentence solely by reason of a defendant's prior convictions and because of that the defendant gain a reduction of sentence base of the Drugs Minus Two (Amendment 782).

2. The defendant is 58 years old non-violent offender (see U.S.S. Comm'n, The Effects of Aging on Recidivism Among Federal Offenders 11/30/2017, @ https.www.usc.gov.) who has already served over half of his sentence on the instant indictment

3. The Medellin nor the Cali Cartel bosses, that were found to be responsible for 80% of all the cocaine imported, and distributed throughout the country were sentenced to life imprisonment. The defendant has been sentence to longer time than the Medellin Cartel's chief assassin (23 years) after admitting to committing 300 murders, and authorizing 3000 others.

4. The Bureau of Prisons has determined in the defendant's custody classification that the only public safety factor that the defendant has is his length of sentence

5. The defendant has always accepted and come to terms of his responsibility for his action.

6. The defendant has completed inter alia drug rehabilitation program, that the Bureau of Prisons determined he was eligible to participate in, has completed anger management a victim impact programs, so that he may better understand the impact of his actions on the community, and numer

(4)

OTHER PROGRAMS THAT WOULD AID HIM UPON HIS RELEASE.

(7) THE DEFENDANT HAS THE SUPPORT OF HIS COMMUNITY, AND FAMILY FOR A RETURN TO SOCIETY.

(8) THE DEFENDANT MAINTAINES FROM THE OUTSET, THAT A SINGLE OVERACHING CONSPIRACY EXISTED.

(9) THE DEFENDANT HAS RECENTLY BEEN DIAGNOSED WITH AN ENLARGED PROSTATE, THAT HAS BEEN FOUND TO BE THE CAUSE FOR MULTIPLE URINE TRACK INFECTIONS AND ALOT OF OTHER COPD THE DEFENDANT HAS SUFFERED, AND MAKES HIM SUCCEPTIBLE TO THE CORONAVIRUS (COVID-19). (SEE ATTACHMENT

(10) THE DEFENDANT OVER HIS YEARS OF IMPRISONMENT HAS LOST FOUR SIBLINGS WINSTON LLOYD FROM DIABETES, PEARLINE LLOYD HEART DEASES, JOHNATHAN LLOYD DIABETES, AND DONALD LLOYD CAR ACCIDENT.

(11) THE DEFENDANT HAS TWO BROTHERS OSBERT AND CARMON LLOYD WHO IS CONSTANTLY ON DYALIS BECAUSE OF DIABETES AND NEED A KIDNEY TRANSPLANT FEARS LOSING THEM BEFORE HE IS RELEASED.

(12) SENATOR CRUZ'S STATEMENTS RESPENDING TO THE PRESIDENTIAL REMARKS ON SIGNING THE ACT "FIRST STEP ACT ON TRACK, IN THE DIRECTION OF JUSTICE", "THERE ARE FAR TOO MANY YOUNG MEN --- PARTICULARLY, TRAGICALLY, YOUNG BLACK MEN --- WHO FIND THEMSELVES DECADES IN PRISON FOR NON-VIOLENT CRIME. THIS BILL CORRECTS THIS AND IT'S A GREAT STEP", AND REMARKS BY PRESIDENT TRUMP AT THE SIGNING CEREMONY FOR S.756, THE FIRST STEP ACT," 2018 WL 6715859 *5

(5)

The amended statue allows a defendant to file a motion for compassionate release upon the earlier of two date. First a defendant can file a motion "after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." Second, a defendant can file a motion upon the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant facility. Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of his facility before filing in court. Courts have concluded this language allows a defendant to file a motion with the court if a defendant makes a request to the warden by the warden does not act on the request within 30 days of receiving it. See e.g. United States v Early, No. 7:02-cr-10125-002, 2019 U.S. Dist. Lexis 160542, 2019 WL 4576281, at *1 (W.D. Va. Sept. 20, 2019) (Defendant was entitled to file motion because warden did not act on request within 30 days). Courts have also concluded a defendant can file a motion with the courts if the warden take longer than 30 days to act on request, even if the warden's denial is issued before the defendant files his motion. See, e.g. United States of America v Gray, No. 202CR00018JMSCMM13, 2019 U.S.C Dist. Lexis 160593, 2019 WL 4572816 at *3 (S.D. Ind. Sep

20, 2019)(Defendant was entitled to file motion because Warden denied request more than 30 days after receiving request). There are two ways to read the statutory phrase "the lapse of 30 day" The first reading is that a "lapse of 30 days" refers simply to the passage of 30 days, regardless of what happens in the interim. Under this reading, a warden would be given an initial opportunity to act on a request for compassionate release but a defendant would not be required to pursue an administrative appeal should the warden deny the request. Instead, a defendant would be allowed to file a motion in court 30 days after the warden received the request. Given that some defendant seeking compassionate release are doing so because of imminent death. Congress might have decided against requiring every defendant pursue a potentially lengthy administrative appeal process. In at least two other districts, the Government has adopted this first reading and argued a defendant need not do more than wait 30 days before proceeding to court. United States v. Spears, 98-cr-208 D. Ore. Sept. 30, 2019)(filing by Government); United States v. Robinson 16-cr-5307 (W.D. Wash. July 8, 2019)(filings by Government and judges in the Western District of Washington and Eastern District of Tennessee have agreed defendants are entitled to proceed to court once 30 days pass

REGARDLESS OF ANY ACTION TAKEN BY THE WARDENS. United States v Robinson, 2019 U.S. Dist. LEXIS 104746, 2019 WL 2567356 (W.D. Wash. June 21, 2019) (STAYING CASE FOR EXACTLY 30 DAYS AFTER DATE WARDEN RECEIVED (HER REQUEST); United States v York, No. 3:11-cr-76, 2019 U.S Dist. LEXIS 119768, 2019 WL 3241166, at *5 (E.D. Tenn. July 18, 2019) (DEFENDANT ENTITLED TO FILE MOTION WITH COURT AFTER WARDEN DENIED REQUEST EVEN THOUGH DEFENDANT DID NOT PURSUE ADMINISTRATIVE APPEAL).

THE SECOND WAY TO READ THE LANGUAGE REFERENCING A "LAPSE OF 30 DAYS" IS THAT IT APPLIES ONLY IF THE WARDEN DOES NOT GRANT OR DENY THE REQUEST DURING THOSE 30 DAYS. "LAPSE" OFTEN CARRIES WITH IT A CONNOTATION OF A FAILURE TO ACT. THUS, "LAPSE OF 30 DAYS" MIGHT BE REFERRING TO THE SITUATION OF A WARDEN RECEIVING A REQUEST WITHIN 30 DAYS. THIS READING WOULD ALLOW A DEFENDANT TO GO DIRECTLY TO COURT IF A WARDEN IS NOT RESPONSIVE TO A REQUEST, BUT, IF A WARDEN DOES ACT WITHIN 30 DAYS, THE DEFENDANT WOULD BE REQUIRED TO PURSUE A ADMINISTRATIVE APPEAL.

PETITIONER IS A PRO SE LITIGANT AND HIS PLEADINGS SHOULD BE CONSTRUED MORE BROADLY. SEE Hines v Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972.

## MEDICAL BACKGROUND

Lloyd ac a medical concern at trial which the judge said he would note and the BOP will address it. After sentencing he was sent to Pollack FCI. which his condition got worst and was transfer to Lexington FMC for his Hip. At Lexington F.M.C. Kentucky his health started to deteriorate and was diagnose with Heart Disease, Kidney, Cholesterol, Enlarge Prostate, Osteoarthritis, Diabetes, Hypertension, Blood Pressure, Hemmoroidal, etc. Some of the medicate Lloyd take is listed below and he uses a cane/walker to assist with his movement from his Hip Replacement and both right and left ankles. He got also called COPD. Medecation :- Metformin 500 mg, Glyburide 10 mg, Duloxenti HCl Delayed Rel 60 mg, Gabapentin 600 mg, Chlorthalidone 25mg, Lisinopril 40 mg, Metoprolol Tartate 50 mg, Aspirin 81 mg, Folic Acid 1 mg, Cholecalliferol 1.25 mg, Acetaminophen 325 mg, Potassium Citrate, Finasteride 5 mg, Tamsulosin HCl .04 mg, Atorvastain 40 mg, Hydrocortisone Acetate 25 mg.

Lloyd is currently waiting for selective surgery to start due to COVID-19 for his kidney and test for his heart stress. On the week of November 26 2019 Thanksgiving week he was rush to the Wayne County Hospital and spent few days for a strokes.   See Attachment. ①

## Covid-19 Pandemic BOP

Base on the BOP Covid-19 in accordance with the memorandum from the Attorney General.

The inmate have met all requirement with the BOP Releases Memorandum outlining updated Cares Act/Home Confinement Guidelines.

The underline condition with age and vulnerability of the inmate to Covid-19 in accordance with the CDC Guidelines

1. History for the last twelve month (Inmate has none)
2. Ensure the inmate has a verifiable release plan (yes)
3. Verifying the inmate primary or prior offense history (Inmate as new first time offender)
4. Confirm inmate does not have a detainer (Inmate has none)
5. Facility currently housing the inmate (Medium)
6. Inmate Pattern Score (Minimum)
7. Age of inmate (Inmate of 50 years old.

### In Addition

1. Inmate base on release date (Inmate serve over 50% of his sentences). Projected satisfaction date 10-26-31
2. Inmate as no history with SIS department and have maintained clear conduct for past 12 months.

### Viable Release Residence

(A) Specific type of residence (House)
(B) Who the inmate will with (Nephew: Terrent McDonald.)
(C) Any health concerns of individuals in the residence (No)
(D) Contact phone numbers (yes.)
(E) Transportation plan for transferred to home (yes, Nephew).

See Attachment. (3)

## Family Support/Ties

Lloyd will reside with his nephew Terrence McDonald at 725 Pine Bark Rd, Stone Mountain GA. 30087 Phone # 404-915-3041.

Lloyd nephew Terrence McDonald has a four bedroom, two and a half bathroom house and work for Veritiv Corporation, 1000 Abernathy Rd NE Ste #1700 Building 400, Atlanta GA. 30328. And has a position as a manager. His sister which is Terrence McDonald mother also is Lloyd supporting system name Hyacinth Lloyd Phone # 917-562-4918 and work for New York City (NYC) Health and Hospital, Elmhurst NY. If Lloyd medical condition allows, his nephew as also procure a job from home with Owner Norman Walters Position Account Receiverble and Payable. Phone # 678-755-9843 Walters & Walters Logistics LLC. 2132 Harmony Lakes Circle Lithonia GA 30058. Lloyd's other siblings all agree to support him in any way possible. See PSR. See attachment.

## Education

Lloyd is a tutor and also teaches Business Management class at evening ACE class.

See attachment ②

## Conclusion

Wherefore, the defendant prays, that this Honorable Court exercise it discretion and **Grant** him Compassionate Release in accordance with the First Step Act Public Law No. 115-391, 132 Stat. 5194 (2018), and 18 U.S.C. § 3582(c)(1)(A)(i). After consideration of all the factors set forth in 18 U.S.C. § 3553(a) especially § 3553(a)(2)(A), and § 3553(a)(6). An motion requesting for appointment of counsel.

Respectfully Submitted,

by Samuel Lloyd

Samuel G. Lloyd

Register # 60640-019

(6)

## Certificate of Service

I Samuel Lloyd, hereby certify under the penalty of perjury that the foregoing motions: "Compassionate Release Request" and "Appoint of Counsel" via United States Postal Service, with the proper affixed, this 21st day of May 2020.

Under Houston v Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) "A Pro Se Prisoner's appeal is deemed filed as of the date it was delivered to prison officials for mailing. As such, on this date, a true and correct copy has been given to a FCI Jesup-Medium prison official to be mailed to the Clerk of the Court. This pleading should be deemed filed May 21, 2020.

Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk Virginia 23510

By: Samuel Lloyd

Samuel G Lloyd # 62640-0
FCI Jesup - Medium
2680 Highway 301 South
Jesup, GA. 31599